IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| MERZ NORTH AMERICA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 5:15-CV-262-H-KS |
| | ) | |
| CYTOPHIL, INC., d/b/a REGENSCIENTIFIC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| CYTOPHIL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 5:16-CV-745-H-KS |
| | ) | |
| MERZ NORTH AMERICA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter is before the court on Cytophil's motion to compel discovery pursuant to Fed. R. Civ. P. 26 and 37 [DE #212], the matter having been referred to the undersigned by Senior United States District Judge Malcolm J. Howard for disposition pursuant to 28 U.S.C. § 636(b)(1)(A). Merz has responded in opposition to Cytophil's motion [DE #215], and the matter is ripe for ruling. For the reasons stated below, Cytophil's motion to compel is granted in part and denied in part.

## BACKGROUND

These consolidated actions involve U.S. Patent No. 6,537,574 ("the '574 Patent"), which is held by Merz North America, Inc. ("Merz") and discloses a method of use for soft tissue

augmentation. In *Merz North America, Inc. v. Cytophil, Inc.*, No 5:15-CV-262-H-KS, Merz asserts a claim of inducement of patent infringement by Cytophil, which Cytophil denies. In *Cytophil v. Merz North America, Inc.*, No. 5:16-CV-745-H-KS ("*Cytophil* action"), Cytophil asserts claims of false patent marking, monopolization, and commercial disparagement by Merz, which Merz denies. The *Cytophil* action was originally filed in the United States District Court for the Eastern District of Wisconsin, *see Cytophil, Inc. v Merz North America, Inc.*, No. 2:16-CV-423-LA (E.D. Wis. filed Apr. 6, 2016), and subsequently transferred to this court with consent of the parties.

The motion presently before the court concerns certain discovery requests served by Cytophil on Merz. Specifically, Cytophil requests an order requiring Merz to produce documents and things sought in Requests for Production Nos. 63, 74-77, 120-21, and 137-40 of its First Set of Requests for Production of Documents and Things and to pay Cytophil's attorney's fees and expenses incurred in filing its motion. (Cytophil's Mot. Compel [DE #212] at 1.) Merz opposes the motion, arguing that Cytophil's document requests "are improper fishing expeditions without any showing of relevance and proportionality, are contrary to the law of the case, and improperly seek documents protected from discovery." (Merz's Resp. Mot. Compel [DE #215] at 1.)

## **DISCUSSION**

Rule 26 provides for a broad scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "Relevancy under this rule has been broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party," and the burden rests on the party resisting discovery to demonstrate that discovery should not be had. *Eshelman v. Puma Biotech., Inc.*, No. 7:16-CV-18-D, 2017 WL 2483800, at *6-7 (E.D.N.C. June 7, 2017) (quoting *EEOC v. Sheffield Fin., LLC*, No. 1:06-CV-889, 2007 WL 1726560, at *3 (M.D.N.C. June 13, 2007)).

Rule 26 requires the court to limit the frequency or extent of discovery if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive"; "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action"; or the discovery sought is outside the scope of Rule 26(b)(1). Fed. R. Civ. P. 26(b)(2)(C). The rule also authorizes the court to impose appropriate limitations on discovery in order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Such protective orders may include, *inter alia*, provisions "forbidding the disclosure or discovery"; "specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery"; "prescribing a discovery method other than the one selected by the party seeking discovery"; or "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1)(A)-(D).

Rule 37 permits a party to move to compel cooperation with discovery requests so long as that party certifies that it has "in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). The local rules of this district similarly require that counsel "certify that there has been a good faith effort to resolve discovery disputes prior to the filing of any discovery motions."

Local Civil Rule 7.1.(c)(2) (E.D.N.C. Dec. 2016); *see generally Boykin Anchor Co., Inc. v. Wong*, No. 5:10-CV-591-FL, 2011 WL 5599283, at *3 (E.D.N.C. Nov. 17, 2011) (describing discovery motion requirements under federal and local rules).

Cytophil has made this certification of good faith efforts to resolve the discovery disputes (Mot. Compel at 3), to which Merz takes exception. Merz asserts that it served its responses to Cytophil's 165 documents requests on September 7, 2016; that it received letters dated September 22 and 23, 2016, from Cytophil's attorneys demanding amended responses to thirty-five document requests by September 28, 2016; and that Merz "submitted a lengthy and detailed response to Cytophil's deficiency letters on September 28." Merz represents that it "heard nothing more on the matter from Cytophil" until the afternoon of November 22, 2016, "a day and a half before office and Court closures for the Thanksgiving holiday" when it received an email from Cytophil's counsel demanding supplementation of thirty-three document requests by 10:00 a.m. the following day. (Merz Resp. Mot. Compel at 3-4.) There does not appear to have been any further communication between the parties concerning the discovery requests prior to the filing of the instant motion in which Cytophil seeks to compel responses to eleven of the thirty-three document requests noted in its email the day before.

The communications between counsel in this case do not appear to satisfy the requirements of Rule 37 and this court's local rules. However, the court is mindful that the rules provide little guidance, and there appears to be a lack of uniformity among the courts as to the conferment requirement. It is for this reason that the court has chosen to address Cytophil's motion. Before doing so, however, the court considers it appropriate to address its expectation of counsel with regard to the conferment requirement of Rule 37 and this court's local rules in hopes that it will provide guidance to the parties in addressing any future discovery disputes.

The purpose of the conferment requirement set forth in Rule 37 and this court's local rules is to encourage the parties to resolve their discovery disputes prior to resorting to judicial intervention. "Meet and confer requirements are not satisfied 'by requesting or demanding compliance with the requests for discovery'" or by "mailing or faxing a letter to the opposing party." *Pro Fit Mgmt., Inc. v. Lady of Am. Franchise Corp.*, No. 08-CV-02662-JAR-DJW, 2011 WL 5825423, at *1 (D. Kan. Nov. 17, 2011). Rather, the rules require that "the parties in good faith *converse, confer, compare views, consult and deliberate*, or in good faith attempt to do so." *Id.* (emphasis added). While not expressly required by Rule 37 or this court's local rules, it is the undersigned's expectation that any discovery conference be conducted in person or telephonically absent exceptional circumstances. The parties are further encouraged to request a discovery conference with the court prior to filing any discovery motions.

Turning now to the motion presently before the court, Cytophil seeks to compel responses to eleven of its requests for production, which seek discovery of information concerning the following:

- Products allegedly covered by the '574 Patent (Request Nos. 120-21)

- Due diligence conducted in connection with Merz's acquisition of BioForm, the previous holder of the '574 Patent (Request No. 63)

- Attorney opinions concerning the '574 Patent, Cytophil, Cytophil products or the '025 Patent (an expired patent disclosing the claimed invention at issue in the '574 method of use patent) (Request Nos. 74-77); and

- Cytophil's former counsel on patent-related matters, including their reference to Cytophil or Dr. William G. Hubbard, the inventor of the '574 Patent (Request Nos. 137-40).

5

## I. Merz Product Samples (Request Nos. 120-21)

In Request Nos. 120-21, Cytophil requests Merz to produce six samples of its Prolaryn Plus® and Radiesse® products, the use of which Merz claims is covered by the '574 Patent. (Cytophil's First Requests Prod. [DE #213-1] at 12.) Merz originally objected to these requests on the ground that the requests are not proportional to the needs of the case because "production of [the requested] samples . . . will not be of further assistance in resolving any issues in this litigation" and on the separate ground that samples are readily available for purchase by Cytophil in the marketplace. (Merz's Resp. Cytophil's First Requests Prod. [DE #213-2] at 9.) Merz has retreated from its original objection but nevertheless opposes Cytophil's motion to compel, asserting that Merz was never informed of Cytophil's inability to purchase Merz's products in the marketplace until Cytophil filed the motion to compel. Merz states that it thereafter offered to deliver samples of Radiesse® and Prolaryn Plus® to Cytophil upon receipt of payment for the products. (Merz's Resp. Mot. Compel at 4.)

The court agrees that Cytophil is entitled to samples of Merz's products as they are relevant and proportional to the needs of the case. There being no information before the court from which it may determine whether any terms, such as allocation of expenses, should be imposed for production of the samples, and it appearing to the court that the parties have not engaged in good faith efforts to resolve any disputes as to such matters, the court directs the parties to meet and confer, in person or by telephone, concerning the terms and conditions for Merz's production of the samples.

## II. Due Diligence Documents

Cytophil's Request No. 63 seeks production of "all documents, things, and electronically stored information referring to due diligence in connection with Merz's acquisition of BioForm

from 2005 to the present." (Cytophil's First Requests Prod. at 10.) Merz refused to produce any materials in response, stating as follows:

> Merz objects to this request to the extent it seeks information protected by the attorney-client privilege and/or work product privileges. Further, Merz objects to this request on the grounds that it is not proportional to the needs of the case considering (1) the marginal importance of all materials referring to due diligence conducted in connection with Merz's acquisition of BioForm from 2005 to the present to the claims and defenses in this litigation and (2) the substantial cost to identify "all documents, things and electronically stored information" that are potentially responsive when balanced against the amount in controversy. Also, Merz objects to this request on the grounds that materials pertaining to due diligence conducted in connection with Merz's acquisition of BioForm are not relevant to any party's claim or defense. Merz will not be producing any materials responsive to this request.

(Merz's Resp. Cytophil's First Requests Prod. at 6.) In response to letters dated September 22 and 23, 2016, in which counsel for Cytophil asserted certain deficiencies with Merz's responses, Merz additionally stated as follows:

> Merz stands by its original response and objections. Discovery of "all documents, things, and electronically stored information referring to due diligence conducted in connection with Merz's acquisition of BioForm from 2005 to the present" is not proportional to the needs of this case, as Cytophil has failed to demonstrate how any such materials will assist with resolving the claims at issue in this action. To the extent that due diligence documents relating to the '574 Patent exist, it is not clear that these documents are relevant. In any event[,] Cytophil's request is not limited to due diligence documents relating to the '574 Patent. Instead, the request seeks <u>all</u> documents relating to the due diligence conducted by Merz in connection with its acquisition of BioForm. Further, your assumption that *all* documents that *refer* to due diligence concerning an acquisition over ten years ago can easily be identified and produce[d] is preposterous. As such, the request is overly broad and unduly burdensome.

(Sept. 28, 2016 Letter to Eric V.C. Jansson [DE #213-5] at 5.)

In support of its motion to compel, Cytophil argues that "[t]he value and enforceability of BioForm's assets which were the subject of due diligence around the time of Merz's recent (2010) acquisition of BioForm are of high importance in this case" and that "[a]bsent production of the

due-diligence materials, Cytophil will suffer prejudice in defending against Merz's inducement allegation." (Cytophil's Mem. Supp. Mot. Compel [DE #214] at 5.)

The items requested by Cytophil concerning Merz's acquisition of BioForm do not appear relevant to any claims or defenses in this action, and Cytophil's requests in this regard are not proportional to the needs of this action considering the factors set forth in Rule 26. Accordingly, Cytophil's motion to compel further response to Request No. 63 is DENIED.

### III. Attorney Opinions

In Request Nos. 74-77, Cytophil seeks discovery of "all documents, things, and electronically stored information referring to" the following:

- Any attorney opinion regarding the '574 Patent
- Any attorney opinion regarding the '025 Patent
- Any attorney opinion relating to Cytophil; and
- Any attorney opinion relating to any Cytophil product.

(Cytophil's First Requests Prod. at 21.) Merz objected to these document requests on the following grounds: (1) attorney-client or work-product privilege; (2) relevance; and (3) that the requests are not proportional to the needs of the case. (Merz's Resp. Cytophil's First Requests Prod. at 7-8.) In its deficiency letter of September 22, 2016, Cytophil explained that its requests seek production of *any* materials (written or oral) referring to *any* attorney opinions, including the opinions of its own attorneys, BioForm attorneys, attorneys involved in the prosecution of the '574 and '025 Patents, and Merz's attorneys. (Sept. 22, 2016, Letter to Lance A. Lawson & Hunter S. Freeman [DE #213-3] at 4.) Merz responded to Cytophil's deficiency letter as follows:

> Once again, Merz stands by its initial objections. Each of the documents sought is clearly protected by the attorney client and/or attorney work product privileges. Merz is not relying upon an advice of counsel defense in response to a claim for willful infringement, the limited scenario where Cytophil could arguably be entitled to opinions of counsel received and relied upon by Merz. Therefore,

8

> Merz fails to see the relevance of these documents, which is far outweighed by the burden imposed upon Merz by these requests. To the extent Cytophil is seeking opinions from its own attorneys, as claimed in your letter, Cytophil is in a much better position to access such opinions. To be clear though, Merz is not in possession of any opinions offered by Cytophil's own counsel.

(Sept. 28, 2016, Letter to Eric V.C. Jansson at 7.)

The court fails to discern how attorney opinions concerning the aforementioned subjects are relevant to the parties' claims or defenses in this action. Cytophil offers no explanation aside from its conclusory statements that "[n]othing is more relevant to the case than the '574 patent, the activities of Cytophil and the products of Cytophil. And since the '574 patent has the same disclosure exactly as the '025 patent, the '025 patent is also highly relevant." (Sept. 22, 2016, Letter to Lance A. Lawson & Hunter S. Freeman at 4.) The court determines that the attorney opinions requested are not discoverable at this stage of the litigation and, therefore, denies Cytophil's motion to compel further response to Request Nos. 74-77.

### IV. Former Counsel

The final subject of Cytophil's motion to compel concerns its requests for production of documents relating to Cytophil's former counsel, the Michael Best & Friedrich law firm and John Thomure, a former partner of the firm. (*See* Cytophil's First Set of Requests for Prod. at 13 (Request Nos. 137-40).) Prior to the *Cytophil* action having been transferred to this court, Cytophil filed a motion to strike certain filings made on Merz's behalf by Michael Best & Friedrich while the case was pending in the United States District Court for the Eastern District of Wisconsin. *See* Expedited Non-Dispositive Mot. Deem Void or Strike Filings, *Cytophil, Inc. v. Merz North America, Inc.*, No. 2:16-CV-423-LA, ECF 47 (E.D. Wis. filed May 20, 2016). Cytophil stated that Michael Best & Friedrich had represented Cytophil for nine years, beginning in 2004, and in that capacity had privileged and confidential communications with Cytophil concerning such matters

9

as the commercial activities of Merz and its affiliates, the content and scope of the '574 Patent, and commercial activities of Cytophil relevant to Cytophil's claims against Merz. *Id.* at 3. Cytophil argued that there existed an irrebuttable presumption that all attorneys at the firm were privy to Cytophil's confidences and that all filings by Michael Best & Friedrich should be deemed void or stricken. *Id.* at 3-4. Cytophil also sought, by separate motion, the court's permission to engage in expedited discovery concerning Michael Best & Friedrich's representation of Merz to determine whether the law firm had shared any of Cytophil's confidential information with other Merz counsel, such that they should be disqualified from representing Merz. *See* Expedited Non-Dispositive Mot. Stay Proceedings & Allow Discovery Concerning Conflict of Interest, *Cytophil, Inc. v. Merz North America, Inc.*, No. 2:16-CV-423-LA, ECF 52 (E.D. Wisc. filed May 27, 2016). Merz opposed both motions, contending that Michael Best & Friedrich's brief representation of Merz did not taint its other counsel. Merz specifically represented that Michael Best & Friedrich's prior representation of Cytophil involved attorneys who have since left the firm and that the Michael Best & Friedrich attorneys representing Merz had not been made aware of any confidential information provided by Cytophil. *See* Brief Resp. Mot. Stay, *Cytophil, Inc. v. Merz North America, Inc.*, No. 2:16-CV-423-LA, ECF 57 (E.D. Wis. filed June 3, 2016). Following a hearing on the matter, United States District Judge Lynn Adelman denied Cytophil's motions.

Cytophil's request for information concerning its former counsel appears to be an attempt to secure the discovery denied by the United States District Court for the Eastern District of Wisconsin. Based on Judge Adelman's ruling, Merz contends that the discovery sought is barred by the law-of-the-case doctrine. (Merz's Resp. Mot. Compel at 7-8.)

The law-of-the-case doctrine posits that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case."

*Columbus-America Discovery Group v. Atl. Mut. Ins. Co.*, 203 F.3d 291, 304 (4th Cir. 2000). Pretrial rulings, however, are always subject to reconsideration by the district court and thus are not necessarily barred by the court's prior rulings. *Lester v. City of Lafayette, Colo.*, 639 F. App'x 538, 542 (10th Cir. 2016) (whether to apply the law-of-the-case doctrine to discovery rulings is a discretionary matter).

While the decision of the United States District Court for the Eastern District of Wisconsin does not operate as a bar to the discovery sought by Cytophil, Cytophil has not demonstrated any basis for reconsideration of Judge Adelman's prior rulings. Accordingly, the court denies Cytophil's motion to compel Merz to respond to Request Nos. 137-40.

## **CONCLUSION**

For the foregoing reasons, Cytophil's motion to compel [DE #212] is GRANTED IN PART and DENIED IN PART as follows:

1. Merz shall provide Cytophil with samples of its Prolaryn Plus® and Radiesse® products sought by Request Nos. 120-21. Within ten (10) days of the date of this order, the parties shall meet and confer, *in person or by telephone*, in an effort to reach an agreement concerning the terms and conditions for Merz's production of the samples. In the event the parties are unable to reach such an agreement through the meet-and-confer process, the parties shall request a discovery conference by filing a joint motion with the court advising the court of the general nature of any disputes, the efforts taken to resolve such disputes, and the need for the court's involvement;

2. The court denies Cytophil's requests to compel further responses to Request Nos. 63, 74-77, and 137-40; and

3. Due to the concerns expressed hereinabove concerning the parties' efforts to resolve their disputes without court intervention and based upon the outcome of Cytophil's motion,

the court determines that each of the parties should bear their own expenses in connection with the litigation of the motion.

This 26th day of September 2017.

*Kimberly A. Swank*
KIMBERLY A. SWANK
United States Magistrate Judge